UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MICHAEL ROSE<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:17-cv-0184-KJN<br><br><br>ORDER |

Plaintiff Kevin Rose seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act").[1] For the reasons discussed below, the court AFFIRMS the final decision of the Commissioner.

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340

---

[1] Both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c). (ECF Nos. 8, 10.)

F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

In this case, plaintiff does not challenge the ALJ's evaluation of the medical evidence, assessment of plaintiff's credibility, or formulation of plaintiff's residual functional capacity. Instead, plaintiff contends that the ALJ failed to discharge his burden at step five of the sequential disability analysis[2] to show that plaintiff could perform other work in the national economy,

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation

because the ALJ failed to rule on plaintiff's objections to allegedly out-of-date and unreliable vocational expert ("VE") testimony raised in a post-hearing memorandum. Assuming, without deciding, that plaintiff properly raised the issue of VE testimony before the ALJ and that the ALJ erroneously failed to rule on plaintiff's objections, such error was harmless, because plaintiff's objections plainly lack merit. Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("we may not reverse an ALJ's decision on account of an error that is harmless").

Plaintiff contends that the VE acknowledged using, in addition to the Dictionary of Occupational Titles ("DOT"), a software program called OccuBrowse, which purportedly has not been administratively noticed or peer reviewed, in formulating his opinion. (AT 87.) However, plaintiff fails to cite any binding authority for the proposition that a VE's testimony can only be based on administratively noticed or peer reviewed sources. To the contrary, "[a] VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required." Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). Therefore, it was within the VE's discretion, given his recognized expertise, to use the OccuBrowse software program as part of the process of formulating his opinion, even if the program had not been administratively noticed or peer reviewed as plaintiff suggests.

Plaintiff also challenges the VE's reliance on the DOT, arguing that the DOT has not been updated since 1991; that the United States Department of Labor has abandoned use of the DOT, and now uses the updated O*NET system, and that the DOT information is thus out-of-date and unreliable. Nevertheless, the Commissioner's regulations and publications specifically identify the DOT as a reliable source of job information. See 20 C.F.R. § 404.1566(d) (explaining that the Commissioner takes "administrative notice of reliable job information available from various governmental and other publications" including the DOT); SSR 00-4p, at *2 ("In making disability determinations, we rely primarily on the DOT (including its companion publication, the SCO) for information about the requirements of work in the national economy. We use these

---

process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

3

publications at steps 4 and 5 of the sequential evaluation process."); see also Johnson v. Shalala, 60 F.3d 1428, 1434 & n.6 (9th Cir. 1995) (noting that the DOT is the Commissioner's "primary source of reliable job information"). Contrary to plaintiff's argument, the fact that the United States Department of Labor no longer uses the DOT is irrelevant, because Congress has vested the Commissioner with the authority to promulgate regulations and standards for the determination of disability, and the Commissioner is not bound by the regulations and policies of other agencies. See 42 U.S.C. §§ 421, 1383b. In this case, the VE testified that his testimony was based on, and consistent with, the DOT. Such testimony complied with the Commissioner's regulations and applicable law, and thus constituted substantial evidence on which the ALJ was entitled to rely. To the extent that plaintiff contends that the Commissioner's regulations should be amended and/or updated, such an argument for regulatory reform addresses a matter outside the limited scope of judicial review of individual benefits determinations under the Act, and is best reserved for a different forum.

In sum, even assuming that the ALJ erred in failing to consider plaintiff's post-hearing objections, those objections lack merit and were inconsequential to the ultimate non-disability determination.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is DENIED.
2. The Commissioner's cross-motion for summary judgment (ECF No. 20) is GRANTED.
3. The final decision of the Commissioner is AFFIRMED, and judgment is entered for the Commissioner.
4. The Clerk of Court shall close this case.

Dated: May 7, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE